

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00025-CR

_____

AMANDA GAYLE READ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,330

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Amanda Gayle Read appeals from the final adjudication of her guilt on a charge of possession of a controlled substance. The trial court found the alleged violations of the conditions of her community supervision to be true and assessed punishment at twenty-four months in a state jail facility. Read's attorney on appeal filed a brief on June 13, 2014, which states that he has reviewed the record. Counsel has provided a detailed summary of the evidence elicited during the course of the proceeding and briefly explains the procedural history, stating that he has found no meritorious issues to raise on appeal. In so doing, counsel has provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 743–44 (1967); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

As also required by *Anders*, counsel has filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel mailed a copy of his brief to Read on June 11, 2014, along with a copy of his motion to withdraw and a letter informing Read of her right to review the record and file a pro se response. Counsel also provided Read with a complete copy of the record for her review.

We have now received a pro se response from Read in which she argues that her trial counsel was ineffective because his explanation of the plea agreement offered by the State was inaccurate, and the inaccuracy caused her (upon changing her mind about attending a

rehabilitation program) to be sentenced to twenty-four months' incarceration rather than the eighteen months that she states was originally offered by the State.

Read also complains that trial counsel was ineffective because he introduced evidence about her boyfriend, Eric Quinn. The record indicates a full understanding by Read that she was pleading guilty without an agreement in place and was thus subject to the full range of possible punishment. It also shows that she remained adamant about not attending the nine-month rehabilitation program.

There is no plea agreement shown by the record, but at most an oral agreement to modify the terms of her community supervision—which she thereafter refused to sign. As a result of her decision, the conditions were not modified, and the case went to the court on the full range of punishment. Counsel questioned her about Quinn, and she testified that she had not used drugs until meeting him.

The ineffectiveness of counsel is a matter that must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Smith v. State*, 51 S.W.3d 806, 812 (Tex. App.—Texarkana 2001, no pet.). Under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), the record does not show counsel's actions or decisions made while handling the case to be below the standard of professional norms and thus constitutionally ineffective. The first prong of *Strickland* has not been met.

We have determined that this appeal is wholly frivolous. We have independently reviewed the appellate record and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable

3

issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).[1]

       We affirm the judgment of the trial court.

                                     Bailey C. Moseley
                                     Justice

Date Submitted:     September 2, 2014
Date Decided:       September 5, 2014

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.